Case 4:24-cv-03439  Document 9  Filed on 11/26/24 in TXSD  Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
November 26, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BARRY LLOYD JONES, § <br> (BOP # 16364-479), § <br> § <br> *Plaintiff,* § <br> § <br> vs. § <br> § <br> HOUSTON POLICE DEPARTMENT, § <br> § <br> *Defendant.* § <br> § | CIVIL ACTION NO. H-24-3439 |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Barry Lloyd Jones, (BOP #16364-479), is a federal inmate in custody at U.S.P. Victorville in California. Proceeding *pro se* and *in forma pauperis*, Jones filed a complaint under 42 U.S.C. § 1983 against the Houston Police Department, alleging that HPD officers used excessive force against him when he was arrested on March 17, 2016. (Dkt. 1). Jones's action is governed by the Prison Litigation Reform Act (PLRA), which requires the Court to screen complaints filed by prisoners proceeding *in forma pauperis* as soon as feasible and dismiss those claims that are frivolous or malicious, that fail to state a claim upon which relief can be granted, or that seek monetary relief from defendants who are immune. 28 U.S.C. § 1915(e)(2); *see also* 28 U.S.C. § 1915A(a), (b). After screening the complaint, the Court ordered Jones to show cause why his action should not be dismissed as barred

by the applicable statute of limitations. (Dkt. 7). To date, Jones has not responded to the Court's order, and his time to do so has now expired. For the reasons explained below, the Court dismisses this action with prejudice.

## I.     BACKGROUND

In March 2016, Jones and several compatriots robbed a furniture store in Houston, Texas. (Dkt. 1, p. 5). While some of the perpetrators were inside the store, Jones stayed outside "holding up a box truck driver that was delivering items." (*Id.*). When law enforcement arrived, the perpetrators inside the store fled from the store and began running away. (*Id.*). Jones turned to run, but several HPD officers blocked his path. (*Id.*). Jones alleges that he immediately put down his weapon and slid it toward the officers who were blocking his path. (*Id.*). At the same time, he raised his hands above his head and surrendered to the officers. (*Id.*). Despite being unarmed, not resisting, and having his hands above his head, Jones alleges that he was shot in the back by HPD officers who were running from the store behind him. (*Id.* at 4).

Jones alleges that while he was originally arrested by HPD officers, charges were later filed against him in federal court, and he was transferred to federal custody in August 2016. (*Id.*). Jones pleaded guilty to the federal charges on May 26, 2017; however, he was not sentenced until October 31, 2022. (*Id.*). He has been in federal prison since that time.

In explaining why he waited so long to file this action, Jones alleges that he was told by an attorney during his criminal case that he could not file a lawsuit against the officers who shot him until after his criminal case was over. (*Id.*). Jones alleges that his criminal case concluded on October 31, 2022—the date he was sentenced. (*Id.*). He asks the Court to "take [his] case" and "give [him] justice." (*Id.* at 5).

## II. LEGAL STANDARDS

### A. Actions Under 42 U.S.C. § 1983

Jones has filed his action under 42 U.S.C. § 1983. "Section 1983 does not create any substantive rights, but instead was designed to provide a remedy for violations of statutory and constitutional rights." *Lafleur v. Texas Dep't of Health*, 126 F.3d 758, 759 (5th Cir. 1997) (per curiam); *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To state a valid claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Gomez v Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam). The first element recognizes that "state tort claims are not actionable under federal law; a plaintiff under [§] 1983 must show deprivation of a federal right." *Nesmith v. Taylor*, 715 F.2d 194, 195 (5th Cir. 1983) (per curiam). The second element, which requires

action "under color of state law," means that generally only *state* actors—not private parties—can be liable for violations of civil rights. *See Frazier v. Bd. of Tr. of Nw. Miss. Reg'l Med. Ctr.*, 765 F.2d 1278, 1283 (5th Cir. 1985).

### B. The Prison Litigation Reform Act

The PLRA, which governs Jones's action, requires the Court to examine the legal and factual basis of a prisoner's complaint and dismiss the case if it determines that the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A complaint is frivolous "if it lacks an arguable basis in law or fact." *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005) (per curiam) (citing *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (cleaned up).

A complaint fails to state a claim upon which relief can be granted if it does

not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In reviewing the complaint, the Court must construe all allegations "liberally in favor of the plaintiff," "take[] all facts pleaded in the complaint as true," and consider whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up). If it does not, the complaint must be dismissed, even before service on the defendants. *See In re Jacobs*, 213 F.3d 289, 290 (5th Cir. 2000) (per curiam); *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

### C.   Pleadings filed by *Pro Se* Litigants

Jones is representing himself. Courts construe pleadings filed by *pro se* litigants under a less stringent standard of review. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But even under this liberal standard, self-represented litigants must still "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014). They must "plead sufficient facts

that, when liberally construed, state a plausible claim to relief, serve defendants, obey discovery orders, present summary judgment evidence, file a notice of appeal, and brief arguments on appeal." *Id.* (cleaned up).

### III. DISCUSSION

Jones filed his complaint on September 12, 2024, seeking relief based on the actions of HPD officers that occurred in March 2016. The threshold question is whether Jones's complaint is barred by the statute of limitations.

Because § 1983 does not contain an explicit limitations period, federal courts borrow the forum state's general personal injury limitations period. *See Bargher v. White*, 928 F.3d 439, 444 (5th Cir. 2019), *as revised* (July 2, 2019) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). "Texas has a two-year statute of limitations for personal injury claims[,]" so a civil rights plaintiff in Texas has two years from the date his claims arise to file suit. *Balle v. Nueces County, Tex.*, 952 F.3d 552, 556 (5th Cir. 2017) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001)); *see also* TEX. CIV. PRAC. & REM. CODE § 16.003(a). Generally, claims arise when "the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Matter of Hoffman*, 955 F.3d 440, 444 (5th Cir. 2020) (per curiam) (cleaned up). The plaintiff need not know that he has a legal cause of action; he only needs to know the facts that would ultimately support a claim. *See Piotrowski*, 237 F.3d at 576. As a result, a civil rights action

brought by an injured Texas plaintiff more than two years after he knew or had reason to know of his injury is barred by limitations and subject to dismissal unless he can show grounds for equitable tolling of the limitations period. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1019-20 (5th Cir. 1998); *Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998) (noting that Texas's equitable tolling principles apply to § 1983 cases filed by plaintiffs injured in Texas).

Jones's complaint alleges that he was injured on March 17, 2016. But he did not file his civil rights action seeking relief for his injuries until September 2, 2024, well beyond the two-year deadline. Claims that are plainly barred by the applicable statute of limitations may be dismissed as legally frivolous. *See Gonzales,* 157 F.3d at 1019-20; *Gartrell v. Gaylor,* 981 F.2d 254, 256 (5th Cir. 1993) (per curiam). Because Jones waited more than two years from the time he learned of his alleged injury to bring this action, his lawsuit is untimely and must be dismissed as legally frivolous unless some exception to the limitations period applies.

The Court recognizes that equitable exceptions to the limitations period may apply in some circumstances. *See Bd. of Regents of Univ. of State of N.Y. v. Tomanio*, 446 U.S. 478, 485 (1980); *Rotella*, 144 F.3d at 897. In his complaint, Jones alleges that "a lawyer" told him that he could not file a civil rights action against the officers until the criminal proceedings against him had been resolved. (Dkt. 1, p. 4). It appears that this advice was incorrect because the statute of

7/9

limitations is not generally tolled by the pendency of criminal charges. *See, e.g., Wallace*, 549 U.S. at 394-95; *see also Zuliani v. Boardman*, 865 F. Supp. 382, 385 (W.D. Tex. 1994) (statute of limitations is not tolled by criminal proceedings unless the plaintiff's claims either directly or indirectly challenge the constitutionality of the criminal proceedings). However, the incorrect advice of counsel is not a basis for equitable tolling in Texas. *See, e.g., Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (attorney negligence is insufficient to support equitable tolling); *Agenbroad v. McEntire*, No. 4:12cv480, 2013 WL 12109775, at *6 (E.D. Tex. Oct. 23, 2013) (reliance on the advice of counsel is not a proper basis to invoke equitable tolling of the statute of limitations), *report and recommendation adopted*, 2014 WL 12551224 (E.D. Tex. Feb. 8, 2014). Jones's reliance on the statement of "a lawyer" concerning the limitations period is insufficient to entitle him to equitable tolling.

The Court provided Jones with an opportunity to identify any other facts that might support relief from the limitations period. (Dkt. 7). To date, Jones has not responded to the Court's order, and his time to do so has now expired. Accordingly, Jones has not shown that he is entitled to equitable relief from the statute of limitations, and his action is therefore barred by the statute of limitations.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. Jones's civil rights action, (Dkt. 1), is **DISMISSED with prejudice** as barred

8/9

by the statute of limitations.

2. Any pending motions are **DENIED as moot**.

3. Final judgment will be separately entered.

4. This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

The Clerk shall send a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk shall also send a copy of this dismissal to the Three-Strikes List Manager at the following email: **Three_Strikes@txs.uscourts.gov.**

SIGNED at Houston, Texas on _____Nov 24_____, 2024.

DAVID HITTNER
UNITED STATES DISTRICT JUDGE